UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

SUYAPA L. JIMENEZ

    Plaintiff,

v.

SILVIA SGARGI,
and ALESSANDRO BERSELLI

    Defendants,
_____/

## COMPLAINT

COMES NOW the Plaintiff SUYAPA L. JIMENEZ, by and through the undersigned counsel, and hereby sues Defendants SILVIA SGARGI, and ALESSANDRO BERSELLI, and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages, under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff SUYAPA L. JIMENEZ (hereinafter SUYAPA L. JIMENEZ, or Plaintiff) is a resident of Miami-Dade County, Florida, within the jurisdiction of the Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants SILVIA SGARGI, and ALESSANDRO BERSELLI JOSE A. BUSTAMANTE (hereinafter SILVIA SGARGI, and ALESSANDRO BERSELLI, or Defendants) are Miami Dade County residents who employed Plaintiff

SUYAPA L. JIMENEZ as a domestic employee. These individual Defendants are covered employers for purposes of the Act.

## GENERAL ALLEGATIONS

4. Defendants SILVIA SGARGI and ALESSANDRO BERSELLI employed Plaintiff SUYAPA L. JIMENEZ as a household domestic employee, to work in their private residence located at 640 NE 58th ST, Miami, Florida 33137.

5. Plaintiff worked for the family approximately from October 15, 2010, to July 5, 2019, or more than 9 years. However, for FLSA purposes Plaintiff's relevant period of employment is 152 weeks.

6. At the time Defendants SILVIA SGARGI and ALESSANDRO BERSELLI hired Plaintiff, they entered into a verbal employment agreement with her, detailing days of work, working hours per day, and rates-wages per hour.

7. Pursuant to the terms of the verbal agreement, Plaintiff was going to perform as domestic employee, 40 hours per week from Monday to Friday, and Defendants SILVIA SGARGI, and ALESSANDRO BERSELLI were to pay Plaintiff, SUYAPA L. JIMENEZ for the full value of her work and services including overtime hours, if any.

8. During the relevant period of employment as a domestic household employee in the private home of Defendants, Plaintiff SUYAPA L. JIMENEZ worked as full-time housekeeper. Plaintiff's duties included cleaning, doing the laundry, ironing, cleaning the pool, taking care of the family's pet, and other domestic household tasks.

9. Plaintiff had a regular schedule, she worked 6 days per week. Plaintiff worked from Monday to Saturday, from 9:00 AM to 5:00 PM, for a total of 48 hours weekly. Plaintiff did not take bona-fide lunch break periods.

10. Moreover, many weeks, in which Mrs. SILVIA SGARGI was abroad, Plaintiff worked on Sundays at least 4 additional hours.

11. During the relevant period, from approximately August 2, 2016 to July 5, 2019 (152 weeks), Plaintiff received a salary of $600.00 weekly or $1,200.00 bi-weekly.

12. Plaintiff worked 8 or more overtime hours, but she did not receive additional payment for overtime hours at the rate of time and one half her regular rate.

13. Plaintiff did not reside at Defendants' private residence. Plaintiff had her own home thus, Plaintiff did not meet the definition to be considered a live-in domestic service employee, as such Plaintiff must be paid overtime payment at the rate of one and a half times her regular rate of pay, for all hours worked over 40 in a workweek.

14. Therefore, Defendants failed to pay Plaintiff for overtime hours as provided by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207 (l).

15. Plaintiff was paid with personal and company checks from Be Safe Italian Wine Consultants LLC, which was Defendants' business. Plaintiff was not provided with accurate paystubs showing real number of days and hours worked, employee taxes withheld etc.

16. On or about July 5, 2019, Plaintiff was unfairly terminated after more than 9 years of services due to a meaningless reason.

17. Plaintiff SUYAPA L. JIMENEZ seeks to recover half-time unpaid overtime wages, liquidated damages, and any other relief as allowable by law.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

18. Plaintiff SUYAPA L. JIMENEZ re-adopts every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff SUYAPA L. JIMENEZ to recover from the Employers SILVIA SGARGI and ALESSANDRO BERSELLI unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207 (l) which states:

    **(l) Employment in domestic service in one or more households**
    No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a) of this section.

20. Title 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

21. At all times relevant to this action, Plaintiff SUYAPA L. JIMENEZ was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203 (e).

22. At all times relevant to this action, Defendants were Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

23. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203 (g).

24. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

25. Pursuant to 29 USC § 206, the Employers/Defendants were subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

26. Defendants SILVIA SGARGI and ALESSANDRO BERSELLI employed Plaintiff SUYAPA L. JIMENEZ as a household domestic employee, to work in their private residence located at 640 NE 58th ST, Miami, Florida 33137.

27. Plaintiff worked for the family approximately from October 15, 2010, to July 5, 2019, or more than 9 years. However, for FLSA purposes Plaintiff's relevant period of employment is 152 weeks.

28. During the relevant period of employment as a domestic household employee in the private home of Defendants, Plaintiff SUYAPA L. JIMENEZ worked as full-time housekeeper. Plaintiff's duties included cleaning, doing the laundry, ironing, cleaning the pool, taking care of the family's pet, and multitude of other domestic household tasks.

29. Plaintiff had a regular schedule, she worked 6 days per week, from Monday to Saturday, from 9:00 AM to 5:00 PM (8 hours each day), for a total of 48 hours weekly. Plaintiff did not take bona-fide lunch break periods.

30. Moreover, many weeks, in which Mrs. SILVIA SGARGI was abroad, Plaintiff worked on Sundays at least 4 additional hours.

31. During the relevant period, from Approximately August 2, 2016 to July 5, 2019 (152 weeks), Plaintiff received a salary of $600.00 weekly or $1,200.00 bi-weekly.

32. Plaintiff worked 8 or more overtime hours, but she did not receive additional payment for overtime hours at the rate of time and one half her regular rate.

33. Therefore, Defendants failed to pay Plaintiff for overtime hours as provided by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207 (l).

34. Plaintiff was paid with personal and company checks from Be Safe Italian Wine Consultants LLC, which was Defendants' business. Plaintiff was not provided with accurate paystubs showing real number of days and hours worked, employee taxes withheld etc.

35. The records, if any, concerning the number of hours worked by Plaintiff and the compensation actually paid to her should be in the possession and custody of Defendants. Nevertheless, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff.

36. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

37. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

38. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

39. Plaintiff is not in possession of time and payment records, but prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of the complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

    Seven Thousand Six Hundred and 00/00 ($7,600.00)

    b. <u>Calculation of such wages</u>:

    Total time of employment: more than 9 years.
    Total number of relevant weeks: 152 weeks
    Total of hours worked: 48 hours weekly
    Total of overtime hours worked: 8 hours
    Total of unpaid overtime hours: 8 O/T hours
    Paid: $600.00 weekly:48 hours=$12.50
    Regular rate: $12.50 x 1.5=$18.75
    O/T rate: $18.75-12.50 O/T rate paid=$6.25 half-time O/T difference

    Half-time $6.25 x 8 O/T hours=$50.00 weekly x 152 weeks=$7,600.00

    c. <u>Nature of wages </u>(e.g. overtime or straight time):

    The amount represents the unpaid half-time overtime.

40. At all times material hereto, the Employers/Defendants SILVIA SGARGI and ALESSANDRO BERSELLI failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

41. Defendants knew and/or showed reckless disregard of the provisions of the Act, to inform Plaintiff of her Federal rights to overtime and/or minimum wage payments.

42. Defendants SILVIA SGARGI and ALESSANDRO BERSELLI willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages, and Plaintiff is entitled to recover double damages.

43. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff SUYAPA L. JIMENEZ respectfully requests that the Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants SILVIA SGARGI and ALESSANDRO BERSELLI based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as the Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff SUYAPA L. JIMENEZ demands trial by jury of all issues triable as of right by jury.

Dated: August 5, 2019

                  Respectfully submitted,

                  By:  /s/ **Zandro E. Palma**
                  ZANDRO E. PALMA, P.A.
                  Florida Bar No.: 0024031
                  9100 S. Dadeland Blvd.
                  Suite 1500
                  Miami, FL 33156
                  Telephone: (305) 446-1500

Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*